IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80745 |
| | ) | |
| JEANETTE MARY ONAK-JOHNSON, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on June 14, 2006, regarding Filing No. 7, Motion to Dismiss Case, filed by First National Bank of Omaha, and Filing No. 16, Resistance, filed by the debtor. Bruce C. Barnhart appeared for the debtor, Donald Pavelka appeared for First National Bank of Omaha, and Jerry Jensen appeared for the U.S. Trustee.

The petition in this case was filed on June 1, 2006. On that same date, counsel for the debtor filed a "Motion to Extend Time to File Credit Counseling Certificate" (Fil. #3). The motion states the date of the petition, that "[t]he debtor has made arrangements to complete credit counseling, however, the provider is not able to complete counseling and provide a credit counseling certificate until June 9, 2006," and "That the debtor's exigent circumstances are due to a pending deed of trust foreclosure sale of Debtor's real estate on June 6, 2006."

First National Bank of Omaha, the entity which was moving the foreclosure sale, has moved to dismiss the case and it is the position of the movant that the motion referred to above is not adequate and does not meet the requirements of 11 U.S.C. § 109(h)(3). Section 109(h) provides, at subsection (1), that

> an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Subsection (3)(A) provides that the credit counseling requirement shall not apply with respect to a debtor who submits to the court a certification that–

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

It is the position of the bank that debtor did not certify anything, let alone the three

requirements of 11 U.S.C. § 109(h)(3)(A).

There is case law in this circuit declining to find the fact of an imminent foreclosure sale to be an "exigent circumstance" which would be the basis for an extension of time to obtain credit counseling. Dixon v. LaBarge (In re Dixon), 338 B.R. 383 (B.A.P. 8th Cir. 2006); Hedquist v. Fokkena (In re Hedquist), ___ B.R. ___, 2006 WL 1042429 (B.A.P. 8th Cir. Apr. 21, 2006).

Prior to this date, the undersigned has accepted statements by counsel in motions such as the one filed with the petition in this case as satisfactorily meeting the requirements of the Code. However, counsel for the bank has convinced the undersigned the court has been too lenient. Therefore, from and after July 1, 2006, debtors requesting an extension of time to obtain credit counseling must file with the petition an affidavit or declaration providing in detail information concerning the reason they were actually unable to obtain credit counseling prior to filing the petition. Simply stating that a foreclosure sale is imminent will not be sufficient. Debtors must explain when they received notice of the foreclosure sale date, when they contacted an attorney concerning bankruptcy or other relief, when they contacted the credit counseling agency, and the reasons, if any, that they delayed contacting the attorney and/or the credit counseling agency.

The court will review each affidavit/declaration to determine if it complies with the requirements of the Code. If it is determined that the affidavit/declaration does not comply with the requirements of the Code, the case will be dismissed.

The Clerk of the Bankruptcy Court is requested to post this order on the court's Internet page and in the appropriate section of the ECF system. In addition, the Clerk is requested to send a copy of this order, via e-mail, to all CM/ECF registered users.

With regard to the motion to dismiss, it is denied. The court has already entered an order granting an extension of time based upon current practices.

SO ORDERED.

DATED this 19th day of June 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Bruce C. Barnhart
    *Donald Pavelka
    Kathleen Laughlin
    Jerry Jensen

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.